## The People ex rel., etc., et al. v. The City Council of the City of Hamilton et al.

1. FINAL JUDGMENT—*In Mandamus Cases.*—The sustaining of a demurrer to a petition for a mandamus, dismissing it and giving final judgment refusing the writ, is such a final judgment as may be reviewed in this court upon a writ of error.

**Mandamus.**—Error to the Circuit Court of Hancock County: the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

APOLLOS W. O'HARRA, attorney for plaintiffs in error.

BERRY, McCRORY & KELLEY and TRUMAN PLANTZ, attorneys for defendants in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a petition for the peremptory writ of mandamus against the City Council of the City of Hamilton, to require such city council to disconnect from the limits of the corporation 1,100 acres of land owned by the relators. The court sustained a demurrer to the petition, dismissed it, and gave final judgment refusing the writ of mandamus, to reverse which this writ of error is prosecuted and such action of the court is assigned and argued as error to effect such reversal.

The petition shows that application was made to the city council, which delayed action upon it for four or five months,

The People v. City Council of Hamilton.

whereupon this action was commenced. We are of the opinion that under the statute as construed in Young v. Carey, 184 Ill. 613, the petition for mandamus, which by the demurrer was admitted, stated sufficient facts to require action by the city council upon the application that was made to it by the relators. It is specially objected that the certificate of the county clerk required by the statute is insufficient, but we believe it is a substantial compliance with the statute.

A motion has been made in this court to dismiss the writ of error upon the ground that the act in relation to the disconnection of territory from cities and villages and to repeal an act therein named, approved and in force May 10, 1901, deprives the plaintiffs in error of the right to prosecute this writ of error or to have the judgment reversed. This court is permitted only to review the final judgments of the trial courts and the rulings thereof leading up to such final judgments, and can determine only whether there was error at the time of the rendition of such judgments. If, therefore, when the judgment herein was rendered it was properly done, it should be affirmed, and if erroneous at the time it was entered it should for that reason be reversed. The statute alluded to can not, we think, upon clear principles, affect a judgment already rendered. Whatever rights appellee may have obtained under the provisions of that statute, different from the one thereby repealed, must in some appropriate manner be first raised in the trial court, before this court, according to the well established practice, can review the same and express its judgment concerning such matter. While the case may be pending and undetermined in the trial court, we have no doubt the questions under the new statute may be raised in some appropriate way, but not in this court for the first time, and the motion to dismiss the writ of error will therefore be overruled.

Being of the opinion that at the time the final judgment was entered herein relators were entitled to the peremptory writ of mandamus, such judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.